# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JANELLE DIETRICH, | 3:04-CV-0468-BES (VPC) |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN ASCUAGA'S NUGGET, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Court referred the motion of defendants, Sparks Nugget, Inc., Michelle Malchow, and Larry Harvey ("Nugget defendants") for attorney's fees pursuant to 28 [sic] § 1983, NRS 17.115, NRS. 18.010, NRS 357.180 and NRS 7.085; and request for additional time (#55).[1]  Plaintiff opposed (#65) and the Nugget defendants replied (#71).

The Nugget defendants moved for attorney's fees in this civil rights action pursuant to 42 U.S.C. § 1988 after the District Court granted the Nugget defendants' motion for summary judgment (#51).[2] On September 28, 2006, the District Court entered judgment in favor of the Nugget defendants and against plaintiff (#52); thereafter, the Nugget defendants filed a bill of costs with the Clerk of Court (#54).

---

[1] Due to confusion with the new electronic filing system implemented in this Court, the Nugget defendants mistakenly made a one-day error in their computation of the deadline to file the motion for attorney's fees (#55). *See* affidavit of Stephen S. Kent, attached as Ex. A. Plaintiff did not oppose; therefore, the Nugget defendants' motion for additional time is granted.

[2] The District Court dismissed plaintiff's supplemental state claims without prejudice; therefore, the court will not consider N.R.S. 18.010, N.R.S. 357.180, or N.R.S. 7.085 as bases for the Nugget defendants' motion for attorney's fees.

In support of their motion for attorney's fees, the Nugget defendants rely, in part, on their offers of judgment made pursuant to Fed.R.Civ.P. 68. Offers of judgment pertain only to costs, and they are only implicated when the plaintiff, not the defendant, obtains a judgment. *Delta Airlines, Inc. V. August,* 450 U.S. 346, 352 (1981) ("[I]t is clear that [Rule 68] applies only to offers made by the defendant and only to judgment obtained by the plaintiff. It therefore is simply inapplicable to this case because the defendant obtained the judgment."); *see also, MRO Communications v. AT&T Corp.,* 197 F.3d 1276, 1280 (9th Cir. 1999).[3] If an offer of judgment is not accepted, "it is deemed withdrawn 'and evidence thereof is not admissible except in a proceeding to determine costs.'" *Delta Air Lines,* 450 U.S. 346, 350.

Although Fed.R.Civ.P. 68 does not apply in this action, Fed.R.Civ.P. 54(d) allows the court, in its discretion, to award costs to the prevailing party in a lawsuit. "'A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir. 1996) (*quoting d'Hedouville v. Pioneer Hotel Co.,* 554 F.2d 886, 896 (9th Cir. 1977)). Where an award of attorney's fees is proper, Rule 54(d)(2) requires the prevailing party to apply for such an award by motion. Local Rule 54-16 outlines the procedure and the components to be included in such a motion.

The court construes the Nugget defendants' motion as one for attorney's fees pursuant to Rule 54(d) and LR 54-16. However, since neither the Nugget defendants nor the plaintiff analyzed this fee application in accordance with these rules, the court directs the parties to do so by filing supplemental points and authorities as follows:

1. The Nugget defendants shall file supplemental points and authorities in support of their motion no later than **Friday, April 20, 2007,** and they shall comply with all applicable provisions of LR 54-16;

---

[3] Plaintiff made a series of seven improper offers of judgment to the defendants (#55, Ex. B). These offers of judgment are improper because a plaintiff cannot make an offer of judgment unless he or she is defending against a counterclaim or a cross-claim. *Delta Airlines v. August,* 450 U.S. 346, 350 (1981).

2

2. The Nugget defendants shall amend their billing summary (#55, Ex. F) to correctly calculate attorney and paralegal time consistent with their stated hourly rates;[4]

3. Nugget defendants shall itemize each task and the hourly increment billed for that task, as opposed lump billing entries for a given day, to enable plaintiff and the court to analyze the time attributed to a specific task;

4. Nugget defendants' counsel shall submit a supplemental affidavit that comports with LR 54-16(c);

5. Plaintiff has leave to file a supplemental opposition no later than **Monday, April 30, 2007**;

6. Counsel for the parties shall contact Lisa Mann, Courtroom Administrator, (775-686-5653), no later than **Friday, April 20, 2007,** to set a hearing on this matter; and

7. Plaintiff, Janelle Dietrich, shall be present in person for this hearing.

**IT IS SO ORDERED.**

DATED: April 10, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]Hourly rates and time charged in the current billing summary are incorrect; therefore, the total amount of fees requested is also incorrect.

3