# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JANELLE DIETRICH, | ) | 3:04-CV-0468-BES (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | July 9, 2007 |
| | ) | |
| JOHN ASCUAGA'S NUGGET, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>LISA MANN</u>   REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Under submission to this Court is the motion of defendants, Sparks Nugget, Inc., Michelle Malchow, and Larry Harvey, for attorney's fees pursuant to 28 U.S.C. § 1983 [sic][1], NRS 17.115, NRS 18.010, NRS 357.180, and NRS 7.085 (#55). The motion has been fully briefed, and on May 24, 2007, this Court held a hearing to consider the motion . Plaintiff, Janelle Dietrich, was present at that hearing pursuant to this Court's order (#75), as well as counsel for the parties (#81).

The Court has reviewed the transcript of the May 24, 2007 hearing, and has considered the parties' points and authorities. However, before the Court issues its report and recommendation in this proceeding, the Court will, *sua sponte,* consider whether sanctions should be awarded against plaintiff's counsel, Martin Crowley, Esq., pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to sanction attorneys who appear before them.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

---

[1]Defendants incorrectly cited 28 U.S.C. § 1983 as the basis for their motion; the correct citation is 42 U.S.C. § 1988.

unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses , and attorneys' fees reasonably incurred because of such conduct." *See* 28 U.S.C. § 1927. Section 1927 does not apply to initial pleadings, since it only addresses the multiplication of proceedings. *In re Keegan Management Co, Securities Litigation,* 78 F.3d 431, 435 (9th Cir. 1996). To warrant sanctions pursuant to section 1927, a court must find the attorney acted with recklessness or subjective bad faith. *United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir. 1983). "Bad faith is present when an attorneys knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *See In re Keegan,* 78 F.3d at 436 (citing *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir. 1986)). Thus, to impose section 1927 sanctions, "if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan,* 78 F.3d at 436.

Courts also have inherent authority to sanction attorneys practicing before them *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980). An attorney's conduct must be in bad faith, or "tantamount" to bad faith. *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). Attorneys subject to discipline are entitled to notice and opportunity to be heard. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000). However, due process "does not require an oral or evidentiary hearing on the issue" – briefing the issue "fully satisfies due process requirements." *Id.* (citations omitted).

Based on the foregoing, and for good cause appearing,

**IT IS ORDERED** that no later than **July 31, 2007,** Martin Crowley, Esq., shall have leave to file points and authorities regarding whether sanctions should be imposed against him pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:____/s/_____
        Deputy Clerk